MEMORANDUM **
Raj deep Kaur and her brother Karan-deep Singh, natives and citizens of India, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s decision denying their application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, Mansour v. Ashcroft, 390 F.3d 667, 671 (9th Cir.2004), and we deny the petition for review.
Substantial evidence supports the BIA’s determination that petitioners failed to establish a nexus between the death of their father and a protected ground, see Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997), or that the death of their father was an act of persecution directed at them as intended victims on account of their religion or an imputed political opinion, see Molina-Estrada v. INS, 293 F.3d 1089, 1095 (9th Cir.2002).[1] Additionally, petitioners failed to demonstrate a well-founded fear of future persecution because they failed to present direct and specific evidence in support of their fear, see Mansour, 390 F.3d at 683; see also Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (allegations of isolated violence against a petitioner’s family are not enough to establish a well-founded fear), and because petitioners’ similarly situated mother and brother continue to live in India without apparent incident, see Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001). Thus, petitioners failed to establish eligibility for asylum. See Mansour, 390 F.3d at 673.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We lack jurisdiction over petitioners' claim that they have also been persecuted on account of their particular social group of children of a parent killed by Indian police because that claim was not exhausted before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).